UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE GRASBERG,<br><br>                              Plaintiff,<br><br>             -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION; ELIZBETH WELSOME, Principal PS 114Q; DEANA FOLCHETTI, Asst. Principal PS 114Q,<br><br>                              Defendants. | 20-CV-10994 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Michelle Grasberg, brings this *pro se* action, asserting claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, in connection with her employment as a teacher at Public School 114 in Queens County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). *See also Holmes v. Romeo Enterprises, LLC* , No. 15-CV-3915, 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015)  (noting that "the general venue provision in Section 1391(b) still applies" to ADEA claims).

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides for venue purposes "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[1]

Plaintiff, who resides in Howard Beach, in Queens County, New York, filed this complaint regarding events occurring at Public School 114 in Belle Harbor, New York, also in Queens County. Plaintiff lists addresses for the individual defendants in Queens County and for the New York City Department of Education in Manhattan. Accordingly, venue may be proper in this District under § 1391(b)(1).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. Plaintiff does not reside in this district and her claims did not arise within this district. The underlying events occurred in Queens County, which is within the Eastern District of New York, 28 U.S.C. § 112(c), and venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 29, 2020
         New York, New York

　　　　　　　　　　　　　　　　　　　　　　　COLLEEN McMAHON
　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge